IN THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| | ) No. 3:00cr203 (EBB) |
| | )     3:00cr204 (EBB) |
| v. | ) |
| | ) |
| | ) |
| | ) |
| JOHN ALVIS HACKNEY, | ) |

## SENTENCING MEMORANDA

Comes now, Defendant, John Alvis Hackney, and pursuant to Local Rules of Criminal Procedure, Rule 32(o), respectfully submits this Sentencing Memoranda. Mr. Hackney would object to the following disclosures contained in the Pre-Sentence Report. First, Mr. Hackney contends that he did not fail to appear before any Court in Alabama. Second, Mr. Hackney contends that the enhancement factors relied upon by the Probation Department and Mr. Maxwell have been eliminated and stricken from the guidelines. Accordingly, such reliance is misplaced and should focus on the requisite parts of the Guidelines focusing on the specific offense conduct. Accordingly, Mr. Hackney's base offense level is a 27. Next, Mr. Hackney objects to the characterization of monies received, but no reflection of the amounts contributed to charity on behalf of Franklin American Life and its related companies. Such an amount is reflective not only of Mr. Hackney's lack of culpable *mens rea* to abscond with any funds, but supportive of his intent to conduct business operations in a manner which reflected his effort to contribute to his community and the greater good of Franklin, Tennessee. Mr. Hackney also objects to any characterization of any current assets which include his wife's inheritance or

contribution. Such an amount unfairly and unduly inflates Mr. Hackney's present status and worth. Ms. Hackney's monetary contribution to the family is being used to unfairly indicate the type of life critics stereotypically believe convicted individuals like Martin Frankel and the like lead. Finally, Mr. Hackney would point out to the Court that the dollar amount attributed to Mr. Hackney is not reflective of an individual who willfully and knowingly participated in criminal conduct and sought to gain at the expense of others.

This Court is authorized to depart downward from the guidelines set forth in the Pre-Sentence Report ("PSR"). *Koon v. United States*, 518 U.S. 81 (1996). Specifically, such departures are warranted when the Government files a motion pursuant to 5K.1 for downward departure **and** under 5K.2 when there is an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing commission formulating the guidelines that should result in a sentence different from that described." *Id.* At 91 (quoting 18 U.S.C. §3553(b)). Simply put, this case qualifies as an 'unusual' or atypical case. Id. At 93 (citing 1995 U.S.S.G. ch. 1, pt. A, intro. Comment 4(b)).

Mr. Hackney is entitled to a significant departure of at least six levels because of the manner and means by which he was duped into committing the acts to which he pled and his continued conduct. Mr. Hackney is entitled to a one level departure for his significant charitable contributions to church, community, and organizations to help future generations. Mr. Hackney also is entitled to a one level departure because of the destructive effects of incarceration on innocent third parties. Mr. Hackney is entitled to a four-level departure since (i) the parties executed an agreement of restitution, favorable to

the Government; (ii) the lack of personal profit since the same has been forfeited and returned; (iii) the defendants continued and herculean cooperation to secure additional funds to be returned; and (iv) the defendant's remaining an officer for the companies to deal with tax issues by signing tax forms or alternatively, settlement agreements in civil courts for the equitable distribution of monies seized, continually recovered, and returned, all, when taken in aggregate, demonstrate that the case falls outside the 'heartland' of cases contemplated by the Guidelines. *See e.g., United States v. Broderson*, 67 F.3d 452 (2nd Cir. 1995). In total, Mr. Hackney is entitled to a departure of at least 12 levels.

This case is outside of the heartland for several reasons. First, John Hackney was also a victim – he received, if not bad advice, he received no advice from counsel which would have prevented this sad state of affairs. That is the beginning and, most importantly, the problem identified by Judge Sporkin many years ago during the accounting scandals where he remarked – where were the lawyers and professionals to give advice to corporate boards and officers? Mr. Hackney had lawyers and accountants and none told him his conduct could be construed as criminal. The statute itself begins with "whoever knowingly . . ." Mr. Hackney did not enter into the conduct knowing he was committing a wrong. Moreover, he relied on the advice of his so-called 'corporate' professionals. The Sentencing Commission has not forbidden, or discouraged departures based on the defendant's reliance on others' knowledge of the wrong about to be committed.

The Guidelines did not take into account the normal conduct of a provider and his desire to work and contribute to his community. The Guidelines do not take into account

inexperience in an industry and what pitfalls, if any, should be avoided. The Guidelines do not consider the lack of an appropriate mentor. The Guidelines do not consider the age-old reasoning of 'looking a gift horse in the mouth.' In fact, the Guidelines did not take into account someone who was literally duped into criminal conduct through naivete and bad counsel. Despite this, Mr. Hackney does not take a blame it on the lawyers stance. Rather, he recognizes that he should have asked more questions, found out more, and even moved slowly to secure the future of his company, his employees, and his reputation. That he did not is human – especially when professionals are not raising any alarms. This reason then, is the first reason this court should depart downward from whatever sentence is imposed after reviewing the Government's 5.k.1 motion.

Second, when apprised of the wrong-doing, Mr. Hackney made every effort to facilitate the Government's requests including, but not limited to the forfeiture and seizure of homes purchased or 'gifted' to him by the king pin of the criminal enterprise – Martin Frankel, as proverbial carrots to continue working. All of which were provided under the guise of 'legitimate' perks of the business world of insurance executives. Mr. Hackney did not flee, nor did he attempt to resist the Government's position and requests. Rather, he cooperated and facilitated the Government's quest for answers.

Third, for over four years, Mr. Hackney provided, through proffers to the Government, interviews, and detailed, in depth-de-briefings, information necessary and essential to the Government's ability to prove it's case against all Defendants, and particularly against Defendants Martin Frankel and Sonia Howe. At all times relevant to the Government's investigation and prosecution for the last five and one-half years, Mr. Hackney dutifully and conscientiously cooperated. Mr. Hackney, despite the personal

4

retribution for his mistake and the public shame and humiliation, daily continued to assist the Government. Moreover, he did not fail to maintain his presence when needed, or to maintain his residence and contact with the appropriate probation authority. Mr. Hackney was not found in Germany with jewelry and significant sums of money requiring the Government to expend money to have him brought to face charges, nor did he attempt to live a lie by arguing that he had done nothing wrong. When his conduct was finally presented to him, and explained as to why it was wrong, he accepted responsibility for his conduct. Mr. hackney is entitled to a downward departure.

Fourth, Mr. Hackney, when contacted by Franklin Life and affiliated entities to execute documents on behalf of the company, which would facilitate not only the return of monies, but also the distribution of the same, diligently executed the necessary documents.

Mr. Hackney, arguably, should not have relied solely on his corporate professionals. However, by doing so, he unwittingly lowered himself into the pond of criminality. Nevertheless, as adduced by the Government and cross-examination during various trials and proffers made, Mr. Hackney lived his life as a businessman and gave quite substantially – exceptionally, to charitable causes including, but not limited to, the church, the Boy Scouts of America, and other local charities or programs in need. This substantial effort at contributing to the community and to the greater good should not be overlook. Rather, it should be viewed, along with the other factors, as a significant measure of why this case is atypical. A downward departure is warranted and necessary in this case.

Based on the foregoing, Mr. Hackney is entitled to not only a downward departure, but also, once the departure is in place, alternative sentencing. Specifically, Mr. Hackney, based on the unusual circumstances of this case, the factors warranting departure, when taken in the aggregate, the charitable contributions, and the Government's own motion, as well as the effects of imprisonment, Mr. Hackney is entitled to a sentence of probation. Simply put, he has served five and one-half years under restriction, and conducted himself as the model citizen he is, and not as the criminal this aberrant behavior might suggest him to be.

Moreover, Mr. Hackney has maintained not only responsibility for his culpable conduct, but also has tirelessly sought to make his error 'right'. Such conduct deserves to be reviewed and accepted with a departure and sentencing alternative such as probation. Mr. Hackney should qualify for probation after departures applied by the Court. Defense counsel, having worked with Mr. Hackney for five years, would suggest a term of probation not to exceed eight years including, but not limited to, house arrest and any other conditions this Court would set forth – in addition to his previously agreed to restitution.

**BASED ON THE FOREGOING**, John Alvis Hackney requests this Court depart from the guideline recommended by the U.S. Department of Probation to a guideline level which would facilitate alternative sentencing arrangement including, but not limited to, probation and house arrest.

**Respectfully submitted;**

**ANDREWS & BOWE, PLLP**

By: *[signature]*
Curtis L. Bowe, III
TNBPR 017037

P.O. Box 81023
Chattanooga, Tennessee 37414
Telephone: (423) 593-3536

Attorneys for John Alvis Hackney

*I hereby certify that I have delivered the foregoing pleadings Hand Delivered to*

*John Durham   AUSA*
*157 Chapel St.*
*New Haven CT  86510*

*By: [signature]*