UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA    :

                v.                    :  NO.  3:00CR00204(EBB)

JOHN HACKNEY                      :

RULING ON POST-CROSBY REMAND

This matter is before the court on remand from the Second Circuit Court of Appeals for

the limited purpose of consideration by this court whether to resentence defendant in light of

United States v. Booker, 125 S. Ct. 738 (2005) and United States v. Crosby, 397 F.2d 103 (2d

Cir. 2005).  The court has received submissions by the government and the defendant on this

issue as requested by order of February 23, 2007.

Defendant was sentenced on January 4, 2005, following his pleas of guilty to RICO

conspiracy in violation of 18 U.S.C. § 1962(d) in case 3:00CR203(EBB)[1] and Aiding and

Abetting Money Laundering in violation of 18 U.S.C. §§ 2 and 1956(a)(2)(A) in case

3:00CR204(EBB), to concurrent sentences of 48 months' imprisonment to be followed by

2 years of supervised release with a restitution order in the amount of $204,164,215.19.  Each of

the offenses to which the defendant pleaded carries a maximum penalty of 20 years.  The

defendant's guideline range was calculated at 210 to 262 months.  However, the defendant had

the benefit of the government's 5K1.1 motion.

Appended to the plea agreement was a 5-page stipulation of offense conduct from which

---

[1]No motion for remand was filed in this case and defendant's appeal was dismissed.  On
defendant's representation that he will move to reinstate the appeal and that the government will
move for limited remand, the court will assume the success of such motions and the reasoning
herein applies to both cases.

his guidelines were calculated and from which the court determined the defendant played a major role in one of the largest financial frauds in the United States.

Defendant assisted Martin Frankel in the acquisition and looting of the cash reserves of 6 insurance companies and of monies from reinsurance agreements, all of which were placed under Frankel's control in the name of a brokerage firm called Liberty National Securities, Inc. (LNS). At the time the defendant knew Frankel was under investigation by the Securities and Exchange Commission and was ultimately barred from trading securities and from association with any broker dealer, investment advisor or securities dealer. Defendant helped maintain Frankel's anonymity in all these transactions and, in furtherance thereof, created false and fictitious documents which were filed with the State of Tennessee Department of Insurance and Commerce, the Securities and Exchange Commission and other state and federal agencies. Defendant represented to the regulatory agencies and others that the person he dealt with at LNS was "Eric Stevens," an alias of Martin Frankel. In return defendant received $515,000 from Frankel's Swiss bank account for the purchase of a home in Tennessee, title to which was in the name of Middlebury Investments, an off-shore corporation set up by Frankel and used by the defendant to conceal the true ownership of the property. He also received $375,630.28 for the purchase of a second home in Alabama, together with financial benefits from 1992 to 1999 totaling approximately $7,033,288.

In his memorandum defendant claims the court sentenced him under the then mandatory framework of the sentencing guidelines and could not consider the relevant factors contained in 18 U.S.C. § 3553(a) to impose a sentence outside the guidelines. However, the court did depart and imposed a sentence outside the guidelines, having been relieved of the stricture of the guidelines by the filing of the government's 5K1.1 motion.

The question as framed by the Court of Appeals is whether this court "would have imposed a materially different sentence, under the circumstances existing at the time of the original sentence, if [I] had discharged [my] obligations under the post-Booker/Fanfan regime and counsel had availed themselves of their new opportunities to present relevant considerations" United States v. Crosby, 397 F.3d at 117. The answer to that question is no.

Defendant points to the letters sent in his support which the court had, and read, prior to sentencing. He also alleges unwarranted sentencing disparities comparing his sentence to co-defendants Mona Kim and Karen Timmins but not to Gary Atnip whose culpability was more akin to that of defendant and who received a sentence of 120 months. He does refer to the sentence of John Jordan, also closely related in culpability, whose sentencing guideline range was 151 to 188 months and who was sentenced to 67 months' imprisonment having also received a 5K1.1 motion.

The court, having considered the advisory guideline range and the factors to be considered under 18 U.S.C. § 3553(a) as well as defendant's memorandum, concludes that it would not have imposed a materially different sentence had the new sentencing regime been in effect at the time of defendant's sentencing and denies defendant's motion [Doc. No. 27] for resentencing.


SO ORDERED


_____
ELLEN BREE BURNS, SENIOR JUDGE
UNITED STATES DISTRICT COURT

Dated at New Haven, CT, this _____ day of March, 2007.